**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-7894**

─────────────

MARION EDWARD PEARSON, JR.,

        Petitioner - Appellant,

    v.

THEODIS BECK,

        Respondent – Appellee,

    and

RANDALL LEE,

        Respondent.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:06-cv-00069-GCM)

─────────────

Submitted: March 5, 2010        Decided: March 23, 2010

─────────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Marion Edward Pearson, Jr., Appellant Pro Se. Mary Carla Hollis, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Edward Pearson, Jr., seeks to appeal the district court's orders denying his motions filed pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 59(e). The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Pearson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Pearson's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254 (2006). United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In

2

order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Pearson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED